IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEORGE W. BILLINGS,<br><br>              Plaintiff,<br><br>    v.<br><br>TD BANK, NA,<br><br>              Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil No. 13-2969 (JBS/KMW)<br><br><br>**OPINION** |

APPEARANCES:

Mr. George W. Billings
339 Eighth Avenue
Lindenwold, New Jersey 08021
    Plaintiff Pro Se

Joy Harmon Sperling, Esq.
DAY PITNEY LLP
One Jefferson Road
Parsippany, NJ 07054
    Attorney for Defendant

**SIMANDLE,** Chief Judge:

I. **INTRODUCTION**

    This matter comes before the Court on Defendant TD Bank's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). [Docket Item 4.] This action arises out of a credit card agreement between Plaintiff George W. Billings and Defendant TD Bank, Defendant's entry of an incorrect address for Plaintiff, and Defendant's imposition of late fees, which were rescinded. Plaintiff asserts claims for

(I) negligence, (II) violations of New Jersey's Truth-in-Consumer Contract, Warranty, and Notice Act ("TCCWNA") and the Federal Truth in Lending Act ("TILA"), and (III) breach of fiduciary duty.

Defendant's motion will be granted because (1) Plaintiff failed to provide sufficient facts to support his negligence claim and to show that his alleged damages were reasonably foreseeable; (2) Plaintiff failed to allege sufficient facts supporting his claim that Defendant violated the TCCWNA and the TILA; and (3) Plaintiff failed to demonstrate that Defendant TD Bank, as creditor, owed a fiduciary duty to Plaintiff, as borrower.

The Court has decided this matter without oral argument pursuant to Fed. R. Civ. P. 78.

The Court will dismiss Plaintiff's TCCWNA and TILA claims without prejudice and the remaining claims with prejudice.

## II. BACKGROUND

### A. Factual Background

The facts set forth here are alleged in the Complaint, and the Court must accept them as true for purposes of a Rule 12(b)(6) motion. On September 20, 2012, Plaintiff visited a TD Bank office located in Hi Nella, New Jersey and applied for a Visa credit card to be issued by TD Bank.

2

(Compl. ¶¶ 10-11.) A TD Bank employee filled out a credit card application for Plaintiff, using the information on Plaintiff's driver's license to record his address and other basic information. (Id. ¶ 13.) The employee incorrectly entered Plaintiff's address into TD Bank's electronic system. (Compl., Ex. 3.)[1]

Defendant issued Plaintiff a Visa credit card. (Compl. ¶ 17.) TD Bank also mailed Plaintiff a PIN number, but that mail was returned as undeliverable because it had been sent to the incorrectly-entered address. (Ex. 3) TD Bank then placed a hold on Plaintiff's account until it could verify Plaintiff's address. (Id.)

In early December, Plaintiff tried to use the credit card at a ShopRite store, but his card was denied. (Compl. ¶¶ 19, 36.) On December 5, 2012, Plaintiff spoke with a TD Bank representative, who informed Plaintiff that TD Bank's

---

[1] Plaintiff's Complaint references exhibits, which were attached to the Complaint. Exhibit 3 is a letter from a TD Bank customer service representative explaining that Plaintiff's address was entered incorrectly, that Plaintiff's PIN had been returned in the mail to TD Bank as undeliverable, and that a hold was placed on Plaintiff's account pending verification of his address. This letter also notes that, when payment was not received, TD Bank imposed a late fee and a finance charge, which were rescinded after Plaintiff spoke with the TD Bank customer service department. Exhibits 1 and 1a show Plaintiff's November 2012 credit card statement and transactions. Exhibit 2 is a summary of Plaintiff's account activity. Exhibit 4 contains Plaintiff's credit history.

mail to Plaintiff had been returned as undeliverable. (Id. ¶ 37.) TD Bank subsequently mailed a credit card statement, listing a late penalty of $25.00 and a $1.00 minimum fee, to Plaintiff's correct address. (Id. ¶ 38.) After receiving the statement, Plaintiff called TD Bank to challenge the fees, and TD Bank agreed to waive the charges. (Id. ¶ 40.) TD Bank sent a letter to Plaintiff confirming that the late fees totaling $26.00 were waived on December 6, 2012. (Id. ¶ 41.)

On December 11, 2012, a TD Bank employee called Plaintiff and informed him that his credit card was in default. (Id. ¶ 43.) The following day, on December 12, 2012, Plaintiff spoke with another TD Bank employee who warned Plaintiff that if he did not pay the balance on his credit card, Plaintiff would have an adverse entry on his credit report. (Id. ¶¶ 46-47.) Plaintiff paid the balance on his credit card over the phone on December 12, 2012, excluding the $26.00 in late fees, which had been rescinded. (Id. ¶ 50.)

During this process, Plaintiff attempted to review his account documents, but "Defendants computerized www.program *denied* Plaintiff access . . . ." (Id. ¶ 44.) Plaintiff does not offer any explanation as to why he was unable to access his account information through TD Bank's website.

4

Plaintiff makes three claims in this case: Count I alleges that Defendant acted negligently through its "flawed billing demand activity" and other business practices which proximately caused Plaintiff to suffer emotional injury. (Id. ¶ 77.) Specifically, Plaintiff alleges that he suffers "loss of sleep and frequent nightmares," "apprehensive mental upset," "mental anguish of fright, feelings of distress, anxiety, and depression," and "the loss of his enjoyment of life" due to Defendant's illegal actions involving Plaintiff's credit card account. (Id. ¶¶ 78-81, 86.)

Count II alleges that Defendant violated the TCCWNA and the TILA. (Id. ¶¶ 108-112.) Specifically, regarding the TCCWNA, Plaintiff claims that Defendant refused to grant Plaintiff access to Defendant's website, thereby prohibiting Plaintiff from obtaining pertinent disclosures. (Id. ¶ 115.) Plaintiff also alleges that Defendant's attempt to impose unreasonable and disproportional late fees violated the TILA. (Id. ¶ 116-18.)

Finally, Count III alleges that Defendant breached its fiduciary duty to Plaintiff and violated his trust with its improper handling of his credit card account. (Id. ¶ 129.)

Plaintiff filed his Complaint in the Superior Court of New Jersey in Camden County. TD Bank removed the case to

this Court based on federal question jurisdiction under 28 U.S.C. § 1331.

**B. Parties' Arguments**

Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) arguing that Plaintiff failed to state a claim upon which relief can be granted and that the Court should dismiss Plaintiff's complaint with prejudice. [Docket Item 4.]

Defendant contends that Plaintiff failed to allege facts supporting either negligence or negligent infliction of emotional distress claims. (Def. Mot. Dismiss at 5.) Specifically, Defendant contends that Plaintiff failed to show that Defendant owed Plaintiff a duty of reasonable care, that Defendant breached that duty, or that Plaintiff actually suffered severe emotional distress as a result of the supposed breach. (Id. at 6.) Further, Defendant adds that Plaintiff's alleged injury was not foreseeable, thereby eliminating any liability. (Id.) Lastly, Defendant states that the economic loss doctrine precludes Plaintiff's negligence claim. (Id. at 9.)

Defendant also contends that Plaintiff failed to allege sufficient facts to support his TCCWNA and TILA claims. (Id.) Regarding the TCCWNA, Defendant argues that Plaintiff failed to identify a specific provision of any

6

contract or document between the parties that violated an established legal right of Plaintiff. (Id. at 11.) Regarding the TILA, Defendant argues that Plaintiff failed to provide sufficient facts demonstrating how Defendant "refused to grant [Plaintiff] access" to Defendant's website. (Id. at 11-12.) Lastly, Defendant contends that Plaintiff's claim that the late fees were unreasonable and disproportional fails because the fees were rescinded. (Id. at 12.)

Defendant also contends that Plaintiff failed to allege facts to support a reasonable inference that Defendant owed Plaintiff a fiduciary duty and subsequently breached that duty. (Id. at 13.) Specifically, Defendant notes that there rarely, if ever, exists a fiduciary duty between a creditor and a debtor, especially when the transaction was simply issuance of a credit card. (Id. at 15.) Even if Plaintiff had alleged that Defendant owed Plaintiff such a duty, Defendant contends that Plaintiff has not alleged that such a duty was breached. (Id. at 16.) Lastly, Defendant states that the economic loss doctrine also precludes Plaintiff's breach of fiduciary duty claim. (Id.)

In his Opposition [Docket Item 5], Plaintiff repeats factual allegations from his Complaint, adding citations to

cases regarding the standards of a motion to dismiss as well as the definition of "maintain" as provided under the TILA. (Pl. Opp'n at 7, 15.) Further, Plaintiff provides the definition of "fiduciary" and cases referencing a breach of fiduciary duty. (Id. at 17-18.)

**III. Analysis**

**A. Standard of Review**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that the plaintiff failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint will survive a motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id.

There are limitations on the materials a court can consider at the 12(b)(6) stage. Specifically, "a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings . . . . However, an exception to the general rule is that a document *integral to or explicitly relied* upon in the complaint may be considered . . . ." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). Because Plaintiff referenced Exhibits 1-4 in his Complaint, the Court may consider them.

Finally, "if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." Phillips v. County of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008).

**B. Plaintiff Fails to Plead a Plausible Negligence Claim**

Plaintiff has not pled sufficient facts in support of either a negligence claim or a negligent infliction of emotional distress ("NIED") claim.[2] In New Jersey, "a

---

[2] Defendant asserts that Plaintiff's claim should be treated as a NIED claim instead of a negligence claim, as Plaintiff alleges that he suffered severe emotional distress as a result of Defendant's negligent actions. (Def. Mot. Dismiss at 5.) The Court will examine both causes of action because "pro se complaints in particular should be construed

negligence cause of action requires the establishment of four elements: (1) a duty of care, (2) a breach of that duty, (3) actual and proximate causation, and (4) damages." Jersey Cent. Power & Light Co. v. Melcar Utility Co., 59 A.3d 561, 571 (N.J. 2013). A NIED cause of action requires four elements: "(a) defendant owed a duty of reasonable care to plaintiff; (b) defendant breached that duty; (c) plaintiff suffered severe emotional distress; and (d) defendant's breach of duty was the proximate cause of the injury." Dello Russo v. Nagel, 817 A.2d 426, 435 (N.J Super. Ct. App. Div. 2003).

When examining the viability of a negligence or NIED claim, "[t]he foreseeability of harm is a significant consideration in the determination of a duty to exercise reasonable care." Carvalho v. Toll Bros. and Developers, 675 A.2d 209, 212 (N.J. 1996). In other words, "[t]he negligence of defendant . . . depends on whether defendant owes a duty of care to the plaintiff, which is analyzed in terms of foreseeability." Decker v. Princeton Packet, Inc., 561 A.2d 1122, 1128 (N.J. 1989). A NIED claim "requires that it must be reasonably foreseeable that the tortious conduct will cause genuine and substantial emotional

---

liberally." Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004) (citation omitted).

10

distress or mental harm to average persons." Id. Accordingly, foreseeability is "the touchstone for liability for negligently causing emotional injury to another." Jablonowska v. Suther, 948 A.2d 610, 616 (N.J. 2008).

Essentially, in order for a duty of care to be recognized, the injury alleged must have been foreseeable to Defendant. See Dello Russo, 817 A.2d at 434 ("Whether the defendant has a duty of care to the plaintiff depends on whether it was foreseeable that the plaintiff would be seriously, mentally distressed."). Regardless of whether Plaintiff's claim is a negligence claim or a NIED claim, Plaintiff's damages, i.e., mental anguish, psychiatric counseling, nightmares, and severe emotional distress, must be reasonably foreseeable.

In this case, it was not reasonably foreseeable that Defendant's actions, including incorrectly entering Plaintiff's address and charging Plaintiff a late payment fee that was rescinded, would cause Plaintiff to suffer "loss of sleep and frequent nightmares" along with other signs of anxiety and mental anguish. (Compl. ¶ 78.) Even if Plaintiff had paid the fees of $26.00, the damages Plaintiff alleges would not have been foreseeable to Defendant. Courts have dismissed negligence and NIED claims

for lack of reasonably foreseeable damages in circumstances more likely to cause harm than the circumstances in this case. See, e.g., Decker, 561 A.2d at 1129 (1989) (dismissing plaintiff's NIED claim because it was not foreseeable to defendant that publishing a false obituary announcement stating plaintiff had died would lead to plaintiff, plaintiff's mother, and plaintiff's son suffering serious emotional distress); Major League Baseball Promotion Corp. v. Colour-Tex, Inc., 729 F.Supp. 1035, 1055 (D.N.J. 1990) (dismissing NIED claim because it was not foreseeable that instituting a trademark seizure action would lead to severe shock or fright); Cole v. Laughrey Funeral Home, 869 A.2d 457, 466 (N.J. Super. Ct. App. Div. 2005)(dismissing NIED claim because it was not foreseeable that exclusion from private funeral viewing would lead to severe emotional distress).

Plaintiff's damages, which are allegedly based on a temporary account hold and penalty fees that were immediately rescinded, were not reasonably foreseeable to Defendant and, therefore, Defendant did not owe Plaintiff a duty. The Court need not address the additional elements of the negligence or NIED causes of action, as there was no

duty owed to Plaintiff.³ Plaintiff's negligence claim is dismissed with prejudice.

**C. Plaintiff Fails to Plead Plausible TCCWNA and TILA Claims**

    **i. TCCWNA**

Plaintiff has not pled facts sufficient to support a TCCWNA claim. The TCCWNA states:

> No seller, lessor, creditor, lender or bailee shall in the course of his business offer to any consumer or prospective customer or enter into any written consumer contract or give or display any written consumer warranty, notice or sign . . . which includes any provision that violates any clearly established legal right of a consumer or responsibility of a seller, lessor, creditor, lender or bailee. . .

N.J. STAT. ANN. § 56:12-15. The TCCWNA essentially holds that creditors may not create contracts that violate consumers' rights. Plaintiff's Complaint also cites an additional TCCWNA provision, which states:

> The rights, remedies and prohibitions accorded by the provisions of this act are hereby declared to be in addition to and cumulative of any other right, remedy or prohibition accorded by common law, Federal law or statutes of this State, and nothing contained herein shall be construed to deny, abrogate or impair any such

---

³ The Court notes that even if Plaintiff had a valid tort claim, the economic loss doctrine would still bar Plaintiff's claim, as his damages flow from the credit card contract. See Bracco Diagnostics, Inc. v. Bergen Brunswig Drug Co., 226 F.Supp.2d 557, 562 (D.N.J. 2002) (holding "the economic loss doctrine prohibits plaintiffs from recovering in tort economic losses to which their entitlement only flows from a contract").

13

> common law or statutory right, remedy or prohibition.

N.J. STAT. ANN. § 56:12-18. This provision stands for the proposition that the TCCWNA shall not be construed to abrogate other federal or state laws.

The District of New Jersey has consistently dismissed TCCWNA claims that fail to identify a particular contract provision which either violates a clearly established legal right of a consumer or violates the responsibility of a seller, lessor, creditor, lender or bailee. See, e.g., Skypala v. Mortgage Electronic Reg. Sys., 655 F.Supp.2d 451, 459 (D.N.J. 2009) (dismissing plaintiff's TCCWNA claim for failing to provide specific provisions of mortgage and note that violated either plaintiff's established legal right or defendant's responsibility); Rivera v. Wash. Mut. Bank, 637 F.Supp.2d 256, 268 (D.N.J. 2009) (dismissing TCCWNA claim because "Plaintiffs have not identified which provisions of either document allegedly violate a clearly established right of Plaintiffs or responsibility of [Defendant]").

Although Plaintiff cites N.J. Stat. Ann. § 56:12-18 in the Complaint, Plaintiff does not allege that Defendant violated this provision nor could Defendant violate this provision, as it simply states that the

TCCWNA will not conflict with other federal or state laws.

Plaintiff failed to identify the specific provisions of the contract that allegedly violated his rights. In fact, nowhere in Plaintiff's Complaint or Opposition does he mention any particular provision of the contract between the two parties. As such, the Court will dismiss Plaintiff's TCCWNA claim under Count II without prejudice to Plaintiff's opportunity to seek leave to amend if these deficiencies can be cured by the amendment.

### ii. TILA

Plaintiff has not pled facts sufficient to support a claim under the TILA. Specifically, 15 U.S.C. § 1632(d)(1) states, "[e]ach creditor shall establish and maintain an Internet site on which the creditor shall post the written agreement between the creditor and the consumer for each credit card account under an open-end consumer credit plan." Further, under 15 U.S.C. § 1665d(a), "[t]he amount of any penalty fee or charge . . . shall be reasonable and proportional . . . ." These provisions essentially mandate that creditors must maintain a website providing access to the credit card agreement, and that any penalty fees must be reasonable and proportional.

Although Plaintiff cites to 15 U.S.C. § 1632(d)(1), he does not actually allege that Defendant failed to post the credit card agreement on its Internet site. Rather, Plaintiff states that Defendant "refused to grant [him] access," (Compl. ¶ 155), to its website. Plaintiff does not plead facts explaining why he was unable to access the credit card agreement or why his inability to access the site was Defendant's fault.

As for Plaintiff's reliance upon 15 U.S.C. § 1665(d)(a), Plaintiff does not plead facts indicating why the fees, which he acknowledges he never actually paid, were disproportionate and unreasonable.

The Court will dismiss Plaintiff's TILA claim under Count II without prejudice to Plaintiff's opportunity to seek leave to amend.

### D. Plaintiff Fails to Plead a Plausible Breach of Fiduciary Duty Claim

Plaintiff has failed to allege sufficient facts supporting his claim for breach of a fiduciary duty. The relationship between Plaintiff and Defendant was a debtor-creditor relationship. "A party cannot generally 'state a claim for breach of fiduciary duty based solely on the allegations . . . which reflect nothing more than a debtor-creditor relationship . . . .'" <u>Donnelly v. Option One</u>

Mortg. Corp., No. 11-7019, 2012 WL 4490642, at *8 (D.N.J. Sept. 26, 2012) (quoting Abulkhair v. Citibank & Assocs., 434 F. App'x 58, 63 (3d Cir. 2011)). The rationale behind such a rule is that it "would be anomalous to require a lender to act as a fiduciary for interests on the opposite side of the negotiating table." Weinberger v. Kendrick, 698 F.2d 61, 79 (2d Cir. 1982). Moreover, as a general rule, "[f]iduciary duties are not imposed in ordinary commercial business transactions." International Minerals and Min. v. Citicorp, North America, 736 F.Supp. 587, 597 (D.N.J. 1990) (establishing that in cases "[w]here a party does not owe another a duty of care absent the existence of a contract, a separate duty of care cannot arise simply by virtue of the existence of the contract"). To state a fiduciary duty claim, a plaintiff must plead that "there is a 'special relationship' between the parties that gives rise to this heightened duty." Demodulation, Inc. v. Applied DNA Sciences, Inc., Civ. 11-00296, 2012 WL 6204172, at *13 (D.N.J. Dec. 12, 2012) (dismissing claim because Plaintiff "failed to allege anything more than a business relationship").

Plaintiff has failed to plead facts indicating a "special relationship" between the two parties. Plaintiff alleges that the parties had a relationship of "special

trust and confidence," but does not provide any facts to support this conclusory allegation. (Compl. ¶ 128.)

If a plaintiff pleads a plausible basis for recognizing such a fiduciary duty, he must then plead that the duty was breached through "a violation of trust" that arose out of the relationship between the two parties. F.G. v. MacDonell, 696 A.2d 697, 704 (N.J. 1997). Even assuming, arguendo, that Plaintiff had pled a fiduciary duty, Plaintiff has not alleged facts showing that Defendant violated Plaintiff's trust. Plaintiff has alleged a clerical error that led to a denied purchase, late fees that were rescinded, and an inability to access the credit agreement on Defendant's website. (Compl. ¶¶ 36, 38-41, 44.) These allegations do not represent a breach of trust between the two parties.

Plaintiff has not pled that Defendant owed a fiduciary duty to Plaintiff and, even if he had pled such a duty, he has not pled that Defendant breached Plaintiff's trust. The Court will dismiss Plaintiff's claim under Count III with prejudice, as amendment of this claim would be futile.

## IV. CONCLUSION

The Court will grant Defendant's Rule 12(b)(6) motion to dismiss because Plaintiff has failed to state a claim upon which relief can be granted. The Court will dismiss

Plaintiff's TCCWNA and TILA claims without prejudice and will dismiss all remaining claims with prejudice. Plaintiff may only file a motion for amended pleading on the TCWNNA and TILA claims. The accompanying Order will be entered.

**August 1, 2013**                                      **s/ Jerome B. Simandle**
Date                                                          JEROME B. SIMANDLE
                                                              Chief U.S. District Judge